In the Matter of a **PROPOSAL BY US WEST COMMUNICATIONS, INC. to Offer Its Business Multiproduct Service Promotion.**

No. C1–96–1513.

Court of Appeals of Minnesota.

Feb. 11, 1997.

Victoria Therese Aguilar, David G. Seykora, Richard L. Johnson, Minneapolis, for Relator.

Hubert H. Humphrey III, State Attorney General, Margaret Eileen Hendricksen, Joan Susan Allender, Assistant Attorneys General, St. Paul, for Respondent.

Considered and decided by
KALITOWSKI, Presiding Judge,
CRIPPEN, Judge, and HARTEN, Judge.

## OPINION

CRIPPEN, Judge.

Respondent Minnesota Public Utilities Commission found that a promotion of relator U.S. WEST Communications failed to meet the governing statutory standard, and the Commission required relator to pay a credit to customers who did not receive the promotional benefits. On U.S. WEST's appeal of the Commission order, we reverse because the promotion falls within the parameters of the statute.

## FACTS

In June 1995, relator filed a notice for review with respondent Commission regarding a multi-product promotion that advertised a waiver of non-recurring charges for business customers who purchase certain services. Relator marketed the promotion to its business customers through a message printed on their bills and a direct mailing to approximately one-third of its business customers. Although the advertisements instructed customers to call a "1–800" number "to subscribe," they did not advise customers that they could obtain the waiver only through the number or by mentioning the promotion when contacting its general business office. The promotion ran in July and August 1995.

The Commission determined that U.S. WEST did not comply with the minimum statutory requirements for promoting services under Minn.Stat. § 237.626 (1996), which permits a company to charge similarly situated customers different rates for the same services if it bases the promotion on reasonable distinctions among customers and prices the promoted services above incremental cost. Specifically, the Commission found that relator's promotion neither conformed to the minimum statutory pricing standard nor based the customer group to whom it offered the promotion on reasonable distinctions among customers. The order required relator to pay a credit to customers who did not receive the promotional benefits. The Commission subsequently denied relator's request for reconsideration, despite the Department of Public Service's support for reconsideration. This appeal followed.

## ISSUES

1. Did relator reasonably distinguish among customers who could benefit from its promotion?

2. Did relator's promotion comply with the minimum statutory pricing standard?

## ANALYSIS

 On matters of statutory interpretation, the reviewing court is not bound by the determination of an administrative agency. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978). When the statutory language is technical in nature, the agency's interpretation may receive "some weight." *Id.; see also In re Minnesota Indep. Equal Access Corp.,* 477 N.W.2d 516, 521 (Minn.App.1991) (expressing reluctance to overrule the Commission "in light of the rapid technological growth in the area of telephone service"), *review denied* (Minn. Jan. 30, 1992). Moreover, by statute, we should affirm an administrative agency's decision unless it is arbitrary or capricious. Minn.Stat. § 14.69 (1996). We conclude that the usual deference does not apply in this case because we address a relatively uncomplicated statutory interpretation.

### 1.

In 1992, the legislature enacted Minn.Stat. § 237.626 (1996), which permits telephone companies to promote the use of their services. The statute provides that if the group targeted by the promotion is "based on reasonable distinctions among customers," the group may be offered a partial or full waiver of a "recurring or a nonrecurring charge, a redemption coupon, or a premium with the purchase of a service." *Id.* Telephone com-

panies generally may not discriminate among customers. Minn.Stat. § 237.09 (1996).

■ Relator argues that its promotion complied with the statutory standard because it made the offer available to all business customers and the promotion functioned as an "electronic coupon." But the Commission found that relator made an unreasonable distinction among customers because it based availability of the promotion on the manner in which customers responded yet failed to advise customers of this eligibility requirement. According to the Commission, because customers did not know that they could receive the waiver only through the "1–800" number or a reference to the promotion when ordering, relator, in effect, randomly selected customers for the promotional benefit.

■ Relator offered its promotion to all business customers, but not its residential customers. Because relator notified every business customer of the promotion through a message on its bills, each customer had the opportunity to accept the offer. Moreover, the notice instructed the customers to call a specific telephone number to order the promoted services at the advertised discount. We conclude that relator adequately complied with the statute by making the promotion available to all business customers and that a distinction among customers is not random or otherwise unreasonable when the company only provides the reduced rates to customers who claim the benefit by calling a specific telephone number or mentioning a particular promotion. As the Department advised the Commission, a requirement that the reduced rates be given to all customers, including those not claiming the benefit, makes the promotion no different from an ordinarily determined rate change, nullifying the statutory promotion allowance.

■ The Commission acknowledges similarities between relator's promotion and those that give discounts to those among offerees who return a coupon to claim the benefit. But the commission argues that the "electronic coupon" employed by relator, with its instruction that an offeree should "Call 1–800–434–7939 to subscribe," is markedly different because promotional literature used with a written coupon makes it abundantly clear that a customer only can obtain the offered benefit by returning the coupon. In effect, the Commission demands that relator should have instructed recipients of its offer that "you can subscribe only by calling 1–800 434–7939." The Commission's demand is unreasonable. Relator's offer made it clear that the customer could obtain the benefit by calling the "1–800" number. Relator did not give the benefit to those who made other kinds of contact with it, but these customers had an experience not unlike those of customers who fail to use a written coupon but make alternative contacts with the promoting business.

Minn.Stat. § 237.626 expressly permits a telephone company to offer its customers a promotional discount through a "redemption coupon." We conclude that the Commission erred in trying to distinguish relator's "electronic coupon" from a printed coupon offering.

### 2.

The telephone promotional statute also states that a provider must price a promoted service above incremental cost of "the service," including amortized cost of the promotion. Minn.Stat. § 237.626. The Commission interpreted the statute as requiring relator to price each promoted service above its incremental cost.

Relator asserts that section 237.626 does not require a telephone company to price each service in a promotion above cost if the aggregate price for all promotional services remains above aggregate cost. Relator primarily relies on the statutory canon of construction that "[t]he singular includes the plural; and the plural, the singular," unless its observance would produce a construction inconsistent with the "manifest intent" of the legislature or "repugnant to the context of the statute." Minn.Stat. § 645.08(2) (1996).

■ Applying the statutory canon, substituting the plural "services" for the singular "service" in Minn.Stat. § 237.626 does not produce a construction that appears inconsistent with the legislature's manifest intent or repugnant to the statute's context. The legislature is presumed to be aware of the canon

for reading a plural meaning into a singular usage. *In re D & A Truck Line, Inc.*, 524 N.W.2d 1, 8 (Minn.App.1994) (interpreting statutory prohibition regarding "motor carriers" to cover a single carrier). Absent a statutory provision that speaks of each service, the Commission erred in applying it in that fashion. Minn.Stat. § 237.626 merely requires a provider to price a group of promoted services above their aggregate incremental cost.

Furthermore, the Commission supported its interpretation by inferring that the drafters of section 237.626 deliberately used "services" when generally discussing promotions but selected "service" when addressing incremental cost. But inferences of this kind are precisely what the legislature intended to prevent with Minn.Stat. § 645.08(2).

### DECISION

Because relator's promotion complied with the requirements of Minn.Stat. § 237.626, we reverse respondent's contrary decision and its sanctions against relator.

**Reversed.**